# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES A. LUKE, JR., Individually as Special Administrator of the Estate of KAREN EVELYN HESS on behalf of said Estate, and as next friend on behalf of K.D.H., J.T.L., and S.M.S.[L.],<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:20-cv-00297-SLG |

## ORDER RE MOTION TO COMPEL PRODUCTION

Before the Court at Docket 27 is Plaintiffs' *Motion to Compel Production of Fact-Sheet Relied Upon by Witness at Deposition*. Defendant United States of America responded in opposition at Docket 31, and Plaintiffs replied at Docket 35. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This wrongful death action arises from medical malpractice allegations surrounding the death of Karen Hess.[1] Plaintiffs—Ms. Hess' estate, husband, and minor children—allege that practitioners at the Alaska Native Medical Center

---

[1] *See* Docket 7 (First Am. Compl.).

("ANMC") Hepatology and Liver Clinic ("the Liver Clinic") failed to adequately diagnose and treat Ms. Hess' liver cancer.[2] ANMC and the Liver Clinic are managed in part by the Alaska Native Tribal Health Consortium, which is a signatory to the Alaska Tribal Health Compact and thus receives annual funding from the U.S. Department of Health and Human Services.[3]

On April 15, 2022, Plaintiffs conducted a virtual deposition of ANMC nurse Susan Negus.[4] During the deposition, Ms. Negus appeared to refer to a document while answering questions.[5] When Plaintiffs' counsel asked Ms. Negus what the document was, she responded that it was a letter that she had received from Dr. Brian McMahon, Director of the Liver Clinic.[6] After reviewing the document, defense counsel determined that the letter was "a document that Dr. McMahon wrote for [defense counsel] in connection with the litigation" and agreed to produce a redacted version, claiming that the withheld portions were protected by the work-product privilege.[7] Ms. Negus explained that she had obtained the McMahon letter because she was copied when Dr. McMahon sent it to defense counsel in late

---

[2] Docket 7 at 2, 4–5, ¶¶ 2, 4–8, 18–29.

[3] Docket 7 at 3, ¶ 11; Docket 10 at 3, ¶ 11 (Answer).

[4] *See* Docket 27-1 (Negus Dep. Tr.).

[5] Docket 27-1 at 3.

[6] Docket 27-1 at 3–4.

[7] Docket 27-1 at 4.

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 2 of 9

2021.[8] Defense counsel maintains that they "did not ask Ms. Negus to review the Document prior to or during the deposition, and did not know what [Ms. Negus] was looking at until the parties took a break in the deposition so counsel could obtain a copy of the Document."[9]

Plaintiffs now seek an order compelling production of an unredacted version of the McMahon letter.[10] Defendant has provided an unredacted version of the letter to the Court for *in camera* review.[11]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(3)(A) codifies the work-product doctrine first articulated by the Supreme Court in *Hickman v. Taylor*,[12] providing that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Such materials typically may only be discovered if the adverse party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other

---

[8] Docket 27-1 at 5.

[9] Docket 33 at 2, ¶ 3 (Beausang Decl.).

[10] Docket 27.

[11] *See* Docket 32 (Def.'s Mot. for Leave to Submit a Document for *In Camera* Review); Docket 33.

[12] 329 U.S. 495 (1947).

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 3 of 9

Case 3:20-cv-00297-SLG   Document 36   Filed 05/31/22   Page 3 of 9

means."[13] Courts have distinguished between "ordinary work product," which includes "raw factual information," and "opinion work product," which "includes counsel's mental impressions, conclusions, opinions or legal theories."[14] The latter is only discoverable when "mental impressions are the pivotal issue in the current litigation and the need for the material is compelling"—a showing "beyond the substantial need/undue hardship test."[15] The party asserting work-product privilege has the burden of showing that it applies.[16]

Here, the work-product privilege may stand in tension with Federal Rule of Evidence 612, which provides that when a witness uses a writing to refresh her memory while testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony."

## DISCUSSION

Defendant asserts that the redacted portions of the McMahon letter are privileged under the work-product doctrine because they contain (1) "three verbatim questions that counsel for the United States asked one of the treating

---

[13] Fed. R. Civ. P 26(b)(3)(A)(ii).

[14] *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000); *see also Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (distinguishing opinion work product from "non-opinion work product").

[15] *Holmgren*, 976 F.2d at 577.

[16] *See Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 4 of 9

Case 3:20-cv-00297-SLG Document 36 Filed 05/31/22 Page 4 of 9

physicians, Dr. McMahon, in preparation for litigation" and (2) "Dr. McMahon's answers to these questions, which necessarily reveal the questions and therefore the mental impressions and opinions of counsel for the United States."[17] Specifically, the first two questions and answers "relate to the content and existence of ANMC's screening protocol, which was previously produced in discovery," and the third question and answer "relate[] to relevant literature."[18] Defendant maintains that the Court should not compel disclosure of this information because Plaintiffs have not demonstrated a compelling need for defense counsel's questions or a substantial need for Dr. McMahon's answers.[19]

Plaintiffs do not dispute that the redacted material would typically be protected by the work-product privilege; nor do they assert that they have a substantial or compelling need for the redacted material.[20] However, they contend that Defendant has waived the work-product privilege because "[a]ll privileges are waived" when "a witness resorts to, and/or relies upon, documents during a deposition."[21] Plaintiffs maintain that under these circumstances, most courts have

---

[17] Docket 31 at 2–3 (citing Docket 33 at 2, ¶ 4).

[18] Docket 33 at 2, ¶ 5. The Court has reviewed Defendant's *in camera* submission and finds that Defendant's description of the redacted material is accurate.

[19] Docket 31 at 5, ¶ 8.

[20] *See* Docket 27; Docket 35.

[21] Docket 27 at 2 (emphases omitted).

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 5 of 9

held that Rule 612 gives "the examining party . . . an absolute right to see that which the witness is consulting."[22] Plaintiffs assert that because "Ms. Negus was obviously and continuously resorting to, and relying upon, the subject narrative document during her deposition testimony," they have "an unqualified right to inspect the document in its entirety – as a means of determining whether, how, and to what extent, the narrative played a role in her testimony."[23]

Defendant disagrees that waiver has occurred, maintaining that defense counsel "did not intentionally waive work product protection" because they "did not know Ms. Negus would review the Document or bring it to her virtual deposition."[24] Moreover, Defendant maintains that courts typically "apply[] a case-by-case balancing test" when determining whether work product must be disclosed under Rule 612.[25] It points to *Adidas America, Inc. v. TRB Acquisitions LLC*, a case in which the district court held that privileged material need only be disclosed under

---

[22] Docket 27 at 2 (emphases omitted); *see also* Docket 27 at 5–6 (citing *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 566 (C.D. Cal. 2003); *Sperling v. City of Kennesaw Police Dep't*, 202 F.R.D. 325, 329 (N.D. Ga. 2001); *Bixby v. KBR, Inc.*, Case No. CV 09-632-PK, 2010 WL 11582923, at *3 (D. Or. Nov. 17, 2010); *James Julian, Inc. v. Raytheon, Co.*, 93 F.R.D. 138, 146 (D. Del. 1982); *Marshall v. U.S. Postal Serv.*, 88 F.R.D. 348, 350 (D.D.C. 1980); *Wheeling-Pittsburgh Steel Corp. v. Underwriters Lab'ys, Inc.*, 81 F.R.D. 8, 9 (N.D. Ill. 1978); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11, 13 (N.D. Ill. 1972)).

[23] Docket 27 at 6.

[24] Docket 31 at 6.

[25] Docket 31 at 6-8 (citing *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985); *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389,398 (D. Or. 2017); *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 77 (D. Mass. 2007); *In re Rivastigmine Patent Litig.*, 486 F. Supp. 2d 241, 243 (S.D.N.Y. 2007); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 145 (D. Del. 1982)).

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 6 of 9

Case 3:20-cv-00297-SLG Document 36 Filed 05/31/22 Page 6 of 9

Rule 612 if the witness "use[d] the writing to refresh [her] memory . . . for the purpose of testifying" and the court "determine[s] that production is necessary in the interests of justice."[26] Defendant asserts that such a test does not favor disclosure here because (1) "there is no evidence that Ms. Negus looked at or used the redacted portions of the Document" and (2) disclosure "is not necessary in the interests of justice" because Defendant has already produced ANMC's screening protocol and "Plaintiffs have retained experts, who can perform their own literature search."[27] Plaintiffs reply the balancing test is inapplicable because courts have only applied that test when a witness reviewed the privileged material *prior to*, as opposed to *during*, testimony; when material is reviewed "before testifying," Rule 612 does not entitle the adverse party to disclosure unless "the court decides that justice requires the party to have [that] option[]."[28] Here, by contrast, Ms. Negus used the McMahon letter while testifying.

As an initial matter, the Court finds that the redacted portions of the McMahon letter are privileged under the work-product doctrine because they were "prepared in anticipation of litigation" for Defendant.[29] Plaintiffs appear to be correct that the balancing test in *Adidas America* has almost exclusively been

---

[26] *Adidas Am.*, 324 F.R.D. at 396–97 (quoting *Sporck*, 759 F.2d at 317).

[27] Docket 31 at 7–8.

[28] Fed. R. Evid. 612(a)(2).

[29] *See* Fed. R. Civ. P. 26(b)(3)(A).

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 7 of 9

Case 3:20-cv-00297-SLG   Document 36   Filed 05/31/22   Page 7 of 9

applied when privileged materials were reviewed before testimony,[30] and the distinction between pre- and mid-testimony review of documents is consistent with the text of Rule 612.

However, the Court finds that automatic disclosure under Rule 612 is not appropriate here as defense counsel did not intentionally furnish the McMahon letter to Ms. Negus for use during her deposition testimony. Rule 612 appears to address circumstances in which counsel intentionally uses a writing to refresh a witness's recollection.[31] Indeed, all of the cases cited by Plaintiffs appear to have involved the knowing use of a document to refresh a witness's recollection, and many emphasized concerns with the intentional, manipulative use of privileged material for such a purpose.[32] Further, it is not clear that Ms. Negus actually

---

[30] *See* 1 David M. Greenwald & Michele L. Slachetka, *Testimonial Privileges* § 2:33 (3d ed. 2021) (collecting cases); Alfreda Robinson, *Duet or Duel: Federal Rule of Evidence 612 and the Work Product Doctrine Codified in Civil Procedure Rule 26(8)(3)*, 69 U. Cincinnati L. Rev. 197, 213–34 (2000) (same); *see also, e.g.*, *Adidas Am.*, 324 F.R.D. at 392 (raising issue of whether "witnesses' review of the documents *in preparation* for deposition" waived work-product privilege (emphasis added)).

[31] Reading Rule 612 this way is consonant with Federal Rule of Evidence 502, which implies that waiver of attorney-client or work-product privilege generally must occur through voluntary, rather than inadvertent, actions. *See* Fed. R. Evid. 502(b) (providing that inadvertent disclosure of privileged material does not operate as waiver as long as holder of privilege took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify error).

[32] *See, e.g.*, *Sperling*, 202 F.R.D. at 38 (discussing "counsel attempt[ing] to make a testimonial use of [privileged] materials" (quoting *United States v. Nobles*, 422 U.S. 225, 240 (1975))); *James Julian, Inc.*, 93 F.R.D. at 146 ("Plaintiff's counsel made a decision to educate their witnesses by supplying them with the binders, and the [] defendants are entitled to know the content of that education."); *Bixby*, 2010 WL 11582923, at *3 (noting that the disputed material "was provided to [witnesses] in order to assist them in preparing for their depositions"); *Bailey*, 57 F.R.D. at 13 (discussing "the unfair disadvantage which could be placed upon the cross-examiner by the simple expedient of using only privileged writings to refresh recollection").

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 8 of 9

Case 3:20-cv-00297-SLG   Document 36   Filed 05/31/22   Page 8 of 9

refreshed her recollection with the privileged portions of the McMahon letter. Those paragraphs constituted only one portion of a longer letter, and the only matters that Ms. Negus appeared to consult the letter for, based on the deposition transcript, were unrelated to the privileged material.[33] Thus, the purpose behind Rule 612—enabling effective cross-examination of witnesses regarding the basis for their testimony[34]—would not be served by compelling disclosure here. Accordingly, the Court will not compel disclosure of the redacted portions of the McMahon letter.

## CONCLUSION

As set forth herein, Plaintiffs' motion at Docket 27 is DENIED.

DATED this 31st day of May, 2022 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[33] *See* Docket 27-1 at 3 (appearing to consult the McMahon letter to recall the dates on which ANMC did genotyping for Ms. Hess and other hepatitis B carriers); Docket 27-1 at 4 (appearing to consult the McMahon letter to recall the dates during which Ms. Hess was pregnant).

[34] *See* Fed. R. Evid. 612 advisory committee's notes on proposed rules ("The purpose of the phrase 'for the purpose of testifying' is to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness.").

Case No. 3:20-cv-00297-SLG, *Luke v. United States*
Order re Plaintiff's Motion to Compel Production
Page 9 of 9